Judge Robert J. Bryan

FILED _____ LODGED _____
RECEIVED _____

JUN - 2 2003

CLERK U S DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

CR 03-05136 #00000064

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 03-5136 RJB |
| Plaintiff, | |
| v. | PLEA AGREEMENT |
| JAMES DAVID BRAILEY, JR., | |
| Defendant. | |

The United States of America, by and through John McKay, United States Attorney for the Western District of Washington, and John J Lulejian and Andrew R Hamilton, Assistant United States Attorneys for said District, and the defendant, James David Brailey, Jr., and his attorney, Michael E Schwartz, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

1. **The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the following charges contained in the Superseding Indictment  By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document. However, by entering this conditional plea of guilty, Defendant retains the right to appeal to the United States Court of Appeals for the Ninth Circuit, the United States District Court's denial of Defendant's Motion to Dismiss the Superseding Indictment

PLEA AGREEMENT/
(James David Brailey, Jr , Case No CR 03-5136 RJB) - 1

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

The parties agree and stipulate that if the Ninth Circuit Court of Appeals reverses the decision of the District Court, and holds that Defendant's Motion to Dismiss the Indictment should be granted, Defendant reserves the right to withdraw this plea of guilty.

  a. Possession of a Firearm by a Person Convicted of a Misdemeanor Crime of Domestic Violence, as charged in Count One, in violation of Title 18, United States Code, Section 922(g)(9)

Defendant further understands that before entering his plea of guilty, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the government in a prosecution for perjury or false statement.

  2. <u>Elements of the Offense</u>. The elements of the offense of Possession of a Firearm by a Person Convicted of a Misdemeanor Crime of Domestic Violence, as charged in Count One, in violation of Title 18, United States Code, Section 922(g)(9), are as follows:

  First, Defendant knowingly possessed a firearm;

  Second, the firearm had been shipped or transported from one state to another or from a foreign nation to the United States; and

  Third, at the time Defendant possessed the firearm, Defendant had been convicted of a misdemeanor crime of domestic violence.

  3. <u>The Penalties</u>. Defendant understands that the statutory penalties for the offense of Possession of a Firearm by a Person Convicted of a Misdemeanor Crime of Domestic Violence, as charged in Count One is imprisonment for up to Ten (10) years, a fine of up to Two-Hundred and Fifty Thousand dollars ($250,000.00), a period of supervision following release from prison up to Three (3) years, and a One Hundred dollar ($100.00) penalty assessment. Defendant agrees that the penalty assessment shall be paid at or before the time of sentencing.

  Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs or restitution, is due and payable immediately, and

PLEA AGREEMENT/
(James David Brailey, Jr., Case No. CR 03-5136 RJB) - 2

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictions and requirements Defendant further understands that if supervised release is imposed and he violates one or more of its conditions, he could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

4   Rights Waived by Pleading Guilty. Defendant understands that, by pleading guilty, he knowingly and voluntarily waives the following rights

    a.   The right to plead not guilty, and to persist in a plea of not guilty;

    b.   The right to a speedy and public trial before a jury of Defendant's peers,

    c.   The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

    d.   The right to be presumed innocent until guilt has been established at trial, beyond a reasonable doubt,

    e   The right to confront and cross-examine witnesses against Defendant at trial;

    f.   The right to compel or subpoena witnesses to appear on Defendant's behalf at trial; and

    g.   The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant.

5.   Applicability of Sentencing Guidelines. Defendant understands and acknowledges the following.

    a   The United States Sentencing Guidelines, promulgated by the United States Sentencing Commission, are applicable to this case,

PLEA AGREEMENT/
(James David Brailey, Jr , Case No CR 03-5136 RJB) - 3

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

    b  The Court will determine Defendant's applicable Sentencing Guidelines range at the time of sentencing,

    c  The Court may impose any sentence authorized by law, including a sentence that, under some circumstances, departs from any applicable Sentencing Guidelines range up to the maximum term authorized by law;

    d  The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties, or by the United States Probation Department, and

    e  Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

  6  <u>Ultimate Sentence</u>. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

  7.  <u>Statement of Facts</u>. The parties agree on the following facts in support of Defendant's guilty plea and for purposes of calculating the base offense level of the Sentencing Guidelines. Defendant admits he is guilty of the charged offense.

  On or about January 15, 2003, law enforcement agents, including representatives of the Federal Bureau of Investigation, the Bureau of Alcohol, Tobacco, Firearms and Explosives, and the Washington State Patrol, served federal search warrants on a van in which Defendant was a passenger, Defendant's residence, and a camper trailer on Defendant's property. During the searches, the agents discovered the following seven firearms that Defendant knowingly possessed. (1) Hammerli and Interarms Industries .44 Magnum revolver, model Virginian Dragon, serial number S17510, (2) Colt .380 caliber semi-automatic pistol, serial number 80677, (3) Ruger .22 caliber revolver, serial number 21-12936, (4) S.W.D. Incorporated, 9 mm pistol, model Cobray M-11/NINE mm, serial number 86-0004308; (5) Remington Arms Co., .22 caliber rifle, model The Scoremaster 511, (6) Sears Roebuck and Co (Marlin) 30-30 caliber lever action rifle, model 45, serial number Y11925; and (7) North China Industries 7.62 x 39 caliber rifle, model SKS, serial number 1506453, all of which had been shipped and

PLEA AGREEMENT/
(James David Brailey, Jr , Case No CR 03-5136 RJB) - 4

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1  transported in interstate or foreign commerce.

2  At the time Defendant possessed all seven firearms, Defendant knew that he had been convicted of a misdemeanor crime of domestic violence, to wit, Aggravated Assault, in Summit County District Court, State of Utah, Cause No. 93-1419, on or about October 27, 1993.

8. <u>Non-Prosecution of Additional Offenses</u>  As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, or that arise out of the conduct giving rise to this investigation  In this regard, Defendant recognizes that the United States has agreed not to prosecute all of the criminal charges that the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement.  Defendant acknowledges and agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all relevant conduct committed by Defendant.

9. <u>Voluntariness of Plea</u>.  Defendant acknowledges that he has entered into this Plea Agreement freely and voluntarily, and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter this plea of guilty

10  <u>Forfeiture of Contraband</u>  Defendant also agrees that if any firearms or illegal contraband were seized by any law enforcement agency from the possession of Defendant, or that were in the direct or indirect control of Defendant, then he consents to the administrative forfeiture, official use and/or destruction of said firearms or contraband by any law enforcement agency involved in the seizure of these items

PLEA AGREEMENT/
(James David Brailey, Jr , Case No  CR 03-5136 RJB) - 5

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1  11. <u>Statute of Limitations</u>.  In the event that this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) 30 days following the date of non-acceptance of the Plea Agreement by the Court, or (2) 30 days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

12  <u>Post-Plea Conduct</u>  Defendant understands that the terms of this Plea Agreement apply only to conduct that occurred prior to the execution of this Agreement If, after the date of this Agreement, Defendant should engage in conduct that would warrant an increase in Defendant's adjusted offense level or justify an upward departure under the Sentencing Guidelines (examples of which include, but are not limited to: obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court), the United States is free under this Agreement to seek a sentencing enhancement or upward departure based on that conduct.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

PLEA AGREEMENT/
(James David Brailey, Jr , Case No  CR 03-5136 RJB) - 6

13. <u>Completeness of Agreement</u>.  The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement only binds the United States Attorney's Office for the Western District of Washington.  It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 2nd day of June, 2003.

_____
JAMES DAVID BRAILEY, JR.
Defendant


_____
MICHAEL E. SCHWARTZ
Attorney for Defendant


_____
CARL BLACKSTONE
Assistant United States Attorney


_____
ANDREW R. HAMILTON
Assistant United States Attorney


_____
JOHN J. LULEJIAN
Assistant United States Attorney

PLEA AGREEMENT/
(James David Brailey, Jr., Case No. CR 03-5136 RJB) - 7

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

dk

United States District Court
for the
Western District of Washington
June 3, 2003

* * MAILING CERTIFICATE OF CLERK * *

Re:  3:03-cr-05136

True and correct copies of the attached were mailed by the clerk to the following

    John Joseph Lulejian, Esq.
    US ATTORNEY'S OFFICE
    STE 5100
    601 UNION ST
    SEATTLE, WA  98101-3903
    FAX 553-0755

    Andrew R Hamilton, Esq.
    US ATTORNEY'S OFFICE
    STE 5100
    601 UNION ST
    SEATTLE, WA  98101-3903
    FAX 553-0755

    USPO - Tacoma
    US PROBATION OFFICE
    ROOM 1310
    1717 PACIFIC AVE
    TACOMA, WA  98402-3231
    FAX 1-253-593-6378

    Michael Edward Schwartz, Esq.
    524 TACOMA AVE S
    TACOMA, WA  98402
    FAX 1-253-272-7178