Judge Robert Bryan

DEC 0 9 2003

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO.: CR03-5136RJB |
| Plaintiff, ) | |
| ) | DEFENDANT'S SENTENCING |
| vs. ) | MEMORANDUM |
| ) | |
| JAMES BRAILEY, JR., ) | |
| ) | |
| Defendant. ) | 03-CR-05136-MEM |

COMES NOW the defendant, James D. Brailey, Jr., by and through his attorney of record, Michael E. Schwartz, and respectfully submits the following sentencing memorandum on behalf of the defendant.

On June 7, 2003, James D. Brailey, Jr. pleaded guilty to Count I of a Superseding Indictment charging Possession of a Firearm and Ammunition by a Person Convicted of a Misdemeanor Crime of Domestic Violence, a violation of Title 18 USC, § 922(G)(9). Sentencing is currently set in this matter for Friday, December 19, 2003, at 1:30 p.m.

I. **Offense Conduct.** The Federal Bureau of Investigation (FBI) initiated an investigation of James Brailey in March 2001. According to reports supplied to the defense, an informant, Clayton Means, told FBI Special Agent, James Kiesling, that Mr. Brailey planned to assassinate Gary Locke, the Governor of Washington. The CI told Agent Kiesling that Brailey was a member of the Jural Society. In October

ORIGINAL

DEFENDANT'S SENTENCING MEMORANDUM - 1

THE LAW OFFICE OF
MICHAEL E. SCHWARTZ, INC.
524 TACOMA AVENUE SOUTH
TACOMA, WA 98402

TEL. (253)272-7161 FAX: (253)272-7178

1988, Mr. Brailey was elected governor of the State of Washington in a Jural Society election. According to the Informant, Mr. Brailey told him that after his election in 1998, he went to the capitol building in Olympia, Washington, armed with several firearms, a rifle, a .45 caliber pistol in his waistband, and a .38 caliber revolver on his ankle.

Mr. Means, who has been paid by the FBI for several years to act as an Informant, tape recorded conversations with Mr. Brailey. None of these conversations include any indication of a "plan" to assassinate Governor Locke. Indeed, most of the conversations involved rather mundane subjects about the personal lives of both Mr. Means and Mr. Brailey.

FBI Agents discovered that Mr. Brailey had been convicted of felony domestic violence assault in Utah in 1993. In 1997, that charge was reduced to a misdemeanor. Agents then obtained a search warrant for Mr. Brailey's vehicle and residence. On January 15, 2003, FBI Special Agents executed the warrants. Inside Mr. Brailey's vehicle, Agents recovered a .44 caliber revolver and a .380 semi-automatic pistol. Inside his residence, agents seized a .22 caliber revolver, a 9 mm semi-automatic pistol, a .22 caliber rifle, a 30/30 caliber rifle and a 7.62 mm caliber rifle.

II.  **Background of Defendant.** James Brailey was born November 21, 1959, in Escobido, California. Shortly after his birth, his parents divorced. He moved with his mother to Olympia, Washington and for the most part grew up there. At the age of seventeen (17) he joined the National Guard and served on Active Duty for six

DEFENDANT'S SENTENCING MEMORANDUM - 2

THE LAW OFFICE OF
MICHAEL E. SCHWARTZ, INC.
524 TACOMA AVENUE SOUTH
TACOMA, WA 98402
TEL: (253)272-7161 FAX: (253)272-7178

(6) years. Mr. Brailey attended school in Phoenix, Arizona, to gain his certification as an Automobile Transmission Specialist. In 1988, he moved to Salt Lake City, Utah, where he accepted a position at an Auto Mechanic Training Center as an Instructor. He moved back to Olympia, Washington in 1994 and has been a resident there ever since.

Mr. Brailey has seven (7) children, three (3) from his first marriage, all grown. Mr. Brailey also has two (2) children from his second marriage, who are 16 and 14 years old. When he and his second wife divorced, his wife took his daughters and he has not been able to see them since. He recently discovered they currently live in Shelton, Washington, and he hopes to reunite with them. Mr. Brailey also has three (3) young children with his current wife, Sonja. Those children are ages 4, 3 and 7 months.

III. **Sentencing Options.** A violation of 18 USC § 922 (G)(9) is a Class C Felony, carrying a maximum of imprisonment of ten (10) years. It also carries a base offense level of fourteen (14) if the defendant was a "prohibited person at the time of the instant offense." Because this offense also involved between three and seven firearms, the offense level is increased by two (2) levels. Mr. Brailey should also receive a three (3) level reduction for acceptance of responsibility under USSG § 3E1.1. Mr. Brailey's total offense level would therefore be thirteen (13). Mr. Brailey also has one prior conviction (referred to above) putting him in the Criminal History Category of 1. Based on an offense level of thirteen (13) and a Criminal

DEFENDANT'S SENTENCING MEMORANDUM - 3

THE LAW OFFICE OF
MICHAEL E. SCHWARTZ, INC.
524 TACOMA AVENUE SOUTH
TACOMA, WA 98402

TEL. (253)272-7161 FAX: (253)272-7178

History Category of I, Mr. Brailey's sentence range is twelve (12) to eighteen (18) months.

IV.     **Sentence Enhancement.** The Government advocates an upward adjustment of four (4) additional points under USSG § 2K2.1 (B)(5) which provides:

> If the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by four (4) levels.

In Order to find that the enhancement applies, the court must find and specify which felony offense the firearm was possessed in connection with. See, United States v. Johnson, 187 F.3d 1129 (9th Cir. 1999) (Enhancement for use of a weapon in conjunction with another felony offense not supported by the facts) The Government does not specify in its sentencing brief, nor in any of its pleadings before this court thus far, what "felony offense" it alleges Mr. Brailey to have possessed a firearm in connection with. Even more troubling may be, however, that the Government, by its own admission cannot draw a connection between the firearms that Mr. Brailey allegedly possessed while on a "dry run" in the capitol building in Olympia in 1998, and the weapons with which he was in possession of at his home and in his vehicle. Indeed, no evidence exists that in 2002, that he was in possession of a .45 caliber pistol or a .38 caliber revolver. To substantiate the enhancement, there must some nexus between the possession of the firearms and the other felony offense referenced in § 2K2.1B5. See, United States v. Mitchell, 166 F.3d 748 (5th Cir. 1999) (Evidence did not support the District Court's determination that the defendant possessed handguns found under seat in car "in connection with" his uncharged possession of cocaine in house where he was staying with his girlfriend); United States v. Palmer, 183 F.3d 1014,

DEFENDANT'S SENTENCING MEMORANDUM - 4

THE LAW OFFICE OF
MICHAEL E. SCHWARTZ, INC.
524 TACOMA AVENUE SOUTH
TACOMA, WA 98402
TEL. (253)272-7161 FAX: (253)272-7178

(9th Cir. 1999) (adjustment under § 2K2.1(B) (5) erroneously imposed because evidence established that firearms and marijuana were owned by defendant's son; there was no evidence that the defendant used any of the guns in connection with the marijuana plants).

**IV. Defendant's Conclusion.** Defendant respectfully requests this court sentence him to the low end of the sentence range, twelve (12) months. The evidence will make clear that Mr. Brailey possessed the weapons solely for the purpose of protecting his home and family and also to pass on to his son when he reached the appropriate age. Moreover, the Government's allegations about a "plan to assassinate Governor Locke" lack credibility and the evidence that will be presented at the Sentencing Hearing will not meet the standard required for this court to find that the four (4) point enhancement applies.

DATED this 5 day of December, 2003.

Law Offices of Michael Schwartz, Inc.

By: _____
Michael E. Schwartz, WSBA #21824
Attorney for Defendant

DEFENDANT'S SENTENCING MEMORANDUM - 5

THE LAW OFFICE OF
MICHAEL E. SCHWARTZ, INC.
524 TACOMA AVENUE SOUTH
TACOMA, WA 98402

TEL. (253)272-7161 FAX: (253)272-7178